## DUGRO v. VANDEWATER et al.

(Supreme Court, Appellate Division, First Department.    December 9, 1898.)

1. MOTIONS—SERVICE—APPEARANCE.
    Where a party not served with the papers, on a motion by a receiver for an accounting, appears by counsel on the motion, the court may determine her rights on such motion.

2. RECEIVERS—RENTS—SALE—ACCOUNTING BY PURCHASER.
    Where an order directing the sale of property by a trustee in accordance with an agreement provided that a receivership for the collection of rents should continue until the sale was consummated, the purchaser is liable to the receiver for rents collected by her before the deed was delivered.

Appeal from special term, New York county.

Action by Francis A. Dugro, as committee, against Mary A. Vandewater and others.    From an order directing James S. Douglass, as attorney for defendant Margaret K. Douglass, to pay over rents to a receiver, and directing a reference to take account of such rents, defendant Douglass appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

Louis Marshall, for appellant.

Lewis L. Delafield, for respondents.

O'BRIEN, J.   The order appealed from was made on a motion by the receiver appointed in this action, and directed James S. Douglass, as attorney for Margaret K. Douglass, to pay over to the receiver the rents of certain premises collected by him between January 10 and February 24, 1898, and, as the exact amount of such rents did not appear on the hearing, further directed that that matter be referred to a referee, to ascertain and report the amount so collected, and ordered that Margaret K. Douglass and her husband and attorney, James S. Douglass, should render accounts of the amounts of rents collected and received by them respectively. The appeal is not brought by James S. Douglass, but by Margaret K. Douglass, his wife, who insists that the order was improperly made, for the reason that, she not being in court, no relief could be granted against her; that her rights could not be determined on motion, but only in an action; and that the receiver could not destroy an agreement made between her and the trustees, by which she was entitled to the rents.   A brief review of the facts will show that these contentions are untenable.   It is true that Mrs. Douglass was not served with the motion papers, but they were served on James S. Douglass, and she appeared on the motion, and was represented by counsel.   It was therefore competent for the court to determine on that motion whether she or her husband, acting as attorney in fact for her, had unlawfully collected the rents which should have been paid to the receiver.   At the time this action was commenced and the receiver appointed, by order dated January 10, 1898, a prior agreement existed for the sale of the property to Mrs. Douglass by the trustee.   As a consequence, she was made a party to the action, by an order wherein

it was provided that the sale to her should be made, and the proceeds of such sale should be divided in a prescribed manner. Although, by the terms of this agreement between Mrs. Douglass and the trustee, she would appear to be entitled to the rents, the order of January 10th did not authorize her to take immediate possession of the property, or its rents, but, on the contrary, by the very words of that order, the receivership was to remain unmodified until the sale was consummated. As the receiver was appointed to collect and retain the rents, he was entitled to the same until the court otherwise directed. If aggrieved by either of the orders made in respect to the receivership, Mrs. Douglass could have applied to the court to have the same modified. But standing, as they did, in full force and effect, so far as the rents were concerned, she had no right to take possession of the property, and collect the rents, as she immediately proceeded to do after the order of January 10th. The deed of the property was not delivered to Mrs. Douglass until February 24th, and until that date, under the order appointing him, the receiver was entitled to take the rents. Whether, upon the receiver's accounting, Mrs. Douglass may show that she is entitled to some or all of such rents, is not now material. The question that the court determined below, and correctly, was that, in the first instance, the receiver was entitled to such rents. The order accordingly should be affirmed, with costs and disbursements. All concur.

Order affirmed, with $10 costs and disbursements.